CHARLES H. KALBFLEISCH ET AL., PLAINTIFFS IN ERROR, v. STANDARD OIL COMPANY, DEFENDANT IN ERROR.

1. In locating lands described in a conveyance, the fixed monuments are more to be relied on than the description of the courses and distances.
2. The fact that the government has established a fixed standard by which distances are to be measured, cannot affect this legal rule.

On error to the Supreme Court.

For the plaintiffs in error, *T. D. Hodges.*

For the defendant in error, *Messrs. Cross, Bergen & Noe.*

The opinion of the court was delivered by

BEASLEY, C. J. This was a dispute as to the location of certain lands, by force of the description in the conveyances whereby they had come to the plaintiff. In the brief of the counsel of the plaintiffs in error it is said that " this whole controversy arises out of a difference of twenty-nine hundredths of an inch in the fifty-foot chains used by the parties respectively, or rather in the standards to which said chains were adjusted. The

court below held this difference of standards to be insignificant and indeterminable, partly because of a doubt whether there is any absolute standard established by the United States government."

The cause was tried before the Circuit judge, a jury having been waived; and the evidence and arguments being closed, the views of the court were expressed *in extenso*, and it was to this expression of opinion as a whole that an exception was taken and signed.

If it should be conceded that the position taken in behalf of the plaintiffs in error in this case is tenable in law, still it seems altogether clear that, by force of these proceedings, this judgment could not be reversed in this court. The reason of this is that an exception taken in this general form to a judicial opinion is of no validity, as has repeatedly been decided in this state. The opinion in this case contains several different legal propositions, and it has been excepted to only in bulk, without any attempt to specify the points that were deemed to be erroneous. In the case of *Associates of the Jersey Company* v. *Davison*, 5 *Dutcher* 416, Mr. Justice Whelpley declares that "a charge containing many distinct propositions of law may not be excepted to in gross. The party excepting must, at the time, point out the error complained of, so that, if committed by inadvertence or for want of clearness of expression, or for any other reason, it may be corrected by the court." This was a case decided in this court, and the rule has since been here applied on various occasions. The following decisions are to the same effect: *Oliver* v. *Phelps*, 1 *Zab.* 608 ; *Potts* v. *Clark, Spenc.* 536.

But as this case was, in point of fact, heard on its legal merits, the irregularity above specified having for the time escaped attention, it may not be amiss to say that the same result would have obtained if the question sought to be raised had been properly presented for consideration. The judge who tried the cause in the place of a jury, was entitled to settle the facts according to his own views of the force of the testimony ; and adopting his opinion on that subject, the con-

clusion reached by him was the only one that would have been admissible. What he did was this : he found an iron monument at the disputed corner, and he made the measurements given in the conveyance submit to such monument. In view of such a situation, he said that he would not attempt to determine which of the two chains that had been used in making surveys was the more correct, or which came nearest to the standard adopted by the United States government, intimating a doubt whether any such absolute standard had been established. Such a course, in its application to the established facts, appears to be entirely above criticism. What mattered it whether the United States had fixed a standard, or whether either chain corresponded to such standard, when, settle those questions as you would, the monument would control in any event? With respect to the theory of the counsel of the plaintiff in error, to the effect that the standard of measurement established by the United States had the force of altering the rule which gives a controlling effect to monuments, it is sufficient to say that there appears to be no basis for it, either in law or reason. In the very nature of things, fixed monuments must, of necessity, be more trustworthy evidence of the grantor's intention as to the length of a line described in his conveyance, than any measurements therein designated can be, even though we assume that such measurements were made with a measure corresponding to an established standard ; for in this case, even though the measure would thus appear to have been infallible, the measurer who made use of it was not infallible, nor was the scrivener without liability to err who inserted a copy of the survey in the instrument. The erection of a standard of measure by the government can have no effect upon the legal rules having for their end the ascertainment of the true boundaries of lands described in conveyances. These statutes are not designed for such a purpose; and if such were, in fact, their design, they would be so far forth, from constitutional considerations, unenforceable.

Let the judgment be affirmed.

Woodbridge v. State, Allen, pros.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DE-
PUE, DIXON, PARKER, REED, SCUDDER, VAN SYCKEL,
COLE, GREEN, LATHROP.   11.

*For reversal*—None.